ROGERS PEET CO. v. UNITED STATES (No. 4830) [1]

United States Court of Customs and Patent Appeals, June 15, 1955

*Lane, Young & Fox* (*William Whynman* and *William H. Fox* of counsel) for appellant.

*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon* and *Richard M. Kozinn*, special attorneys, of counsel), for the United States.

[Oral argument April 5, 1955, by Mr. Whynman and Mr. Kozinn]

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE, and JACKSON (retired), Associate Judges

O'CONNELL, Acting Chief Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, entered pursuant to its decision, Abstract 58259. The judgment overruled the protest filed by appellant involving the single issue whether certain sums of money sought to be recovered by appellant, the importer, were illegally exacted at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, T. D. 50263 (2), as customs duties on imported merchandise consisting of wool scarves.

The protest claimed the merchandise was properly dutiable at 50c per pound, plus 30% ad valorem as wearing apparel wholly or in chief value of wool, under paragraph 1115 (a) of the Tariff Act of 1930, as modified by the Tariff Agreement with the United Kingdom, T. D. 49753.

Paragraph 1529 (a), so far as pertinent, reads:

* * * fringes, gimps, and ornaments; * * * all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished * * *, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel, wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, 90 per centum ad valorem. * * *

[1] C.A.D. 597.

Paragraph 1115 (a), so far as pertinent, reads:

Clothing and articles of wearing apparel of every description, not knit or crocheted, manufactured wholly or in part, wholly or in chief value of wool * * *:

\*      \*      \*      \*      \*      \*      \*

Valued at more than $4 per pound_____ 50¢ per lb. and 30% ad val.

The record includes five samples of the merchandise, of which Exhibits 1, 2, and 3 were identified and introduced in evidence through the testimony of the witness Mr. Herbertz; and Collective Illustrative Exhibits 4 and 5 which were introduced through the testimony of the witness Mr. Frank.

Counsel for the respective parties in substance have agreed:

* * * the scarves have at their respective ends extensions of the warp threads to finish the ends, and that this finish was produced in the process of weaving the scarves by omitting certain weft threads from the ends of the scarves; that the scarves are not in part of any fringes that were produced as a separate entity and then attached to the scarves.

The sole issue before the court is whether the scarves are to be classified as articles of wool wearing apparel in part of fringe, dutiable at 90 per centum ad valorem, as classified by the Government, under paragraph 1529 (a) of the Tariff Act of 1930; or whether they are to be classified under paragraph 1115 (a) of said act as modified by the Trade Agreement with the United Kingdom, T. D. 49753, as articles of wearing apparel wholly or in chief value of wool, dutiable at 50 cents per pound, plus 30 per centum ad valorem, as claimed by the importer.

The trial court in sustaining the action of the collector relied, among other authorities, on the case of *Akawo & Co., Inc.* v. *United States,* 6 Cust. Ct. 370, C. D. 498. There the merchandise consisted of cotton rugs having ends which had been produced or finished by omitting weft threads and allowing the ends of the warp threads to extend beyond the ends of the rugs, and knotting the protruding warp threads in groups at intervals of approximately 1¾ inches. In disposing of the issue presented in the cited case, the court there quoted the following definition from Webster's New International Dictionary, 1933:

Fringe. n. 1. An ornamental border or material for borders consisting sometimes of projecting ends of a fabric twisted or plaited together, and sometimes of loose threads of wool, silk, or linen, or strips of leather, or the like, attached to a band of the same material.

That court then stated:

Although the fringe on these rugs had not reached a stage where it was entitled to be regarded as a fringe in and of itself prior to its entry into the rugs, it would nevertheless appear to be well within the above definition of fringe. It was so

classified by the collector, and the stipulation in no way contradicts such classification. It would therefore appear that these rugs are at least in part of fringe, and this would appear to be all that is required by said paragraph 1529.

The court in the *Akawo* case found that "Although the fringe on these rugs had not reached a state where it was entitled to be regarded as a fringe in and of itself prior to its entry into the rugs; it would nevertheless appear to be well within the above definition of fringe," and "It was so classified by the collector." The issue there turned on the court's conclusion that the imported rugs were "at least in part of fringe, and this would appear to be all that is required by said paragraph 1529."

The Court of Customs and Patent Appeals appears to have twice construed the identical provision of the statute on a similar basis: *Alfred Kohlberg, Inc.* v. *United States*, 27 C. C. P. A. (Customs) 354, C. A. D. 111; *St. Andrews Textile Co., Inc.* v. *United States*, 32 C. C. P. A. (Customs) 117, C. A. D. 294. The imported merchandise in the former case consisted of gloves, which were in part of lace; and the merchandise in the latter consisted of scarves produced in precisely the same finish as the scarves in the instant case. In each of these three cases there was an admission that the involved merchandise was constituted as hereinbefore described. The conclusions in all three cases were the same as that of the Customs Court in the instant case and followed the reasoning and legal principles originally applied by the respective courts in the *Akawo* and *St. Andrews Textile Co.* cases, *supra*. Inasmuch as the court below noted in its decision that this court quoted at length from our previous decision in the *Kohlberg* case, *supra*, and the court below having accurately set forth our quoted excerpt at length, together with our conclusion based thereon, it is deemed no useful purpose would be served to repeat the same here, particularly in view of the fact that appellant's contentions here are essentially the same as those that were previously overruled in the case cited and relied upon by the court below.

For the reasons hereinbefore stated, the judgment of the United States Customs Court is *affirmed*.

Jackson, J., retired, recalled to participate herein in place of Garrett, C. J.